{¶ 33} I concur with the affirmation of the first, second and fourth assignments of error. I disagree with the reversal of the third assignment of error. Having concluded that Hageman waived the disclosure of his mental health records for purposes of the domestic relations action, it cannot consistently be asserted that Hageman still retained a right of privacy for any subsequent litigation. After the records were requested pursuant to a subpoena, Hageman took no action to quash the subpoena or otherwise limit the use of the information. Moreover, having divulged the records, Hageman took no action to have them sealed or otherwise subjected to a confidentiality order. Since that information became a public record, anyone could have access to it, including the state. So it makes no difference whether Belovich willingly forwarded that information to the state or the state demanded it by subpoena. Pandora's box had been opened.